In the Matter of JOHN ANTHONY D'APOLITO, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 25, 1975.

*John G. Bonomi* of counsel (*Morris Gutt* with him on the brief), for petitioner.

*John Anthony D'Apolito,* respondent *pro se.*

*Per Curiam.* Petitioner moves to confirm the report of the Referee sustaining charges of professional misconduct preferred against respondent, who was admitted to practice in the First Judicial Department on June 27, 1956.

Respondent agreed to represent a client in a negligence case, but neglected to prosecute the matter. Later, he falsely advised the client's son of its status and falsely represented to petitioner, in response to its initial inquiries, *inter alia,* that he had not been formally retained and, in any event, that he had returned the file to his client's son. Such advice and representations were concededly untrue; and respondent finally admitted such fact at a hearing held by petitioner's Committee on Grievances. A malpractice action instituted by the client was settled for $1,250. The client's willingness to accept such sum, coupled with the fact that the attorney to whom the case had been referred returned it after receiving the hospital report, suggests little value in the original claim.

Nevertheless, since it is not disputed that respondent lied to his client about the progress of her case and to petitioner when first asked to explain his dereliction of duty, the Referee's finding, which is supported by the evidence as well as by respondent's admissions, is confirmed.

In mitigation, respondent, now contrite, attributes his misconduct to a confused state of mind resulting from domestic strife and calls attention to his otherwise unblemished record at the Bar. After observing respondent and hearing his expression of regret, and noting the absence of any benefit derived by respondent from his behavior, the Referee concluded that "there is no need for a drastic sanction to be imposed at this time."

Under all of the circumstances presented, the respondent is suspended from the practice of law for a period of six months and until the further order of the court.

NUNEZ, J. P., KUPFERMAN, MURPHY, LUPIANO and TILZER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective March 25, 1975.